IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PRENTICE ROLAND KEITH,<br><br>Defendant. | Case No. 20-CR-004-JFH-07 |

## ORDER

Before the Court is Defendant Prentice Keith's ("Keith") Motion to Dismiss Based Upon Violation of Speedy Trial Rights. Dkt. No. 410. Keith contends he has been awaiting trial since January 23, 2020, over 479 days. *Id.* at ¶ 20. Under the Speedy Trial Act, Keith requests the Court to reconsider its position that the repeated continuances in the present case outweigh the best interests of the public and Keith to a speedy trial. *Id.* at 6. Further, Keith contends that his Sixth Amendment right to a speedy trial has also been violated. *Id.* at 9-14. For these reasons, Keith requests the Indictment against him be dismissed. *Id.* at 14. The Government opposes Keith's Motion. *Id.* at 1; *see also* Dkt. No. 418.

## BACKGROUND

Keith was charged on January 14, 2020 with drug conspiracy, possession with intent to distribute methamphetamine, possession of firearm in furtherance of drug trafficking crime and felon in possession of firearm and ammunition. Dkt. No. 2. Keith is charged along with eleven (11) other co-defendants in a twenty-one (21) count Indictment. *Id.* Keith was arraigned on January 23, 2020. Dkt. No. 76.

On January 30, 2020, Chief Judge Ronald A. White declared the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and set the case on the Court's July 7, 2020 trial docket. Dkt. No.

125. The Court appointed a Coordinating Discovery Attorney on March 17, 2020. Dkt. No. 163. The discovery in this case consists of more than 4,000 documents. Dkt. No. 255.

On May 13, 2020, Defendant Hunt ("Hunt") filed Defendants' Unopposed Motion for Extension of Time to File Defendants' Motions. Dkt. No. 170. Hunt represented that the motion was filed on behalf of Keith [Dkt. No. 170 at ¶ 2] and requested the time to file motions be extended by 90-120 days. *Id.* at 5. At that time, the motion deadline was May 18, 2020. *Id.* Chief Judge Ronald A. White granted Hunt's motion and reset the trial for November 4, 2020. Dkt. No. 176. Chief Judge Ronald A. White ordered the period of delay resulting from the continuance be excluded as provided in 18 U.S.C. § 3161(h)(7)(A). *Id.*

The case was reassigned to the undersigned judge on June 26, 2020. Dkt. No. 185. On August 25, 2020, Defendant Calvin Woodmore ("Calvin Woodmore") filed a Motion to Continue All Scheduling Dates and asked for the case to be moved to the February or March 2021 trial docket. Dkt. No. 195. Calvin Woodmore represented that his motion was filed on behalf of Keith. *Id.* at 1. Keith filed a Speedy Trial Waiver on September 9, 2020 specifically requesting "that all delays resulting from a continuance of his jury trial from November 4, 2020, be excluded from computation under the Speedy Trial Act . . . ." Dkt. No. 204. The Court granted Calvin Woodmore's motion and reset the jury trial to March 2, 2021. Dkt. No. 219. The Court ordered the time from November 4, 2020 to March 2, 2021, be excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). *Id.*

Subsequently, Defendants Calvin Woodmore, Hunt, Amber Woodmore and Early Woodmore moved to continue the March 2, 2021 trial. *See* Dkt. Nos. 293, 297, 301, 303. Furthermore, GO 21-4 was entered on February 9, 2021 continuing all jury trials scheduled to commence February 9, 2021 through April 6, 2021. GO 21-4. In light of General Order 21-4 and

the inability to conduct an eight (8) defendant jury trial with proper social distancing protocols, the Court struck the March 2, 2021 trial and reset it to April 6, 2021. Dkt. No. 304. The Court ordered that the time between March 2, 2021 and April 6, 2021 was excluded under the Speedy Trial Act. *Id.*

On March 2, 2021, Calvin Woodmore filed a Motion to Continue the jury trial. Dkt. No. 332. Defendants Hunt, Stephens, Amber Woodmore, Adcock, Early Woodmore and Janet Troutt joined in Calvin Woodmore's request. Dkt. Nos. 334, 336, 337, 338, 339 and 341. The Court granted the March 2, 2021 motion continuing the jury trial to May 4, 2021. Dkt. No. 342. The time from April 6, 2021 until May 4, 2021 was excluded under the Speedy Trial Act. *Id.*

On April 1, 2021, Keith's counsel filed a motion to continue due to a scheduling conflict and noted that Keith objected to the requested continuance. Dkt. No. 367. Counsel for other defendants also had scheduling conflicts with the scheduled May 4, 2021 trial date. *See id.* Based on these scheduling conflicts, the Court granted the continuance resetting the trial to June 1, 2021. Dkt. No. 372. Once again, the Court excluded the time from May 4, 2021 to June 1, 2021 under the Speedy Trial Act. *Id.*

In addition to the numerous requests to continue the jury trial, Defendant Kimberly Diana Noel ("Noel") was recently apprehended and extradited to the Eastern District of Oklahoma. *See* Dkt. Nos. 335, 340, 396. Counsel for Noel was appointed and entered an appearance on March 30, 2021. Dkt. No. 359. Noel was arraigned on May 4, 2021. Dkt. No. 396. Due to her recent arraignment and appointment of counsel, Noel requested a continuance of the jury trial to the July or August trial date on May 22, 2201. Dkt. No. 406. Keith has objected to this continuance [Dkt. No. 411], moved to withdraw his speedy trial waiver [Dkt. No. 409] and filed the instant Motion [Dkt. No. 410]. The Court granted Noel's Motion on May 25, 2021 and ordered the time from

June 1, 2021 to August 3, 2021 excluded. Dkt. No. 420.

As the above background demonstrates, without considering the COVID-19 pandemic,[1] this is a complicated and complex case. The Court has carefully weighed the complexity of the case, the health concerns of counsel and the defendants, Noel's late participation in the case, the conflicting schedules of counsel, each defendants' right to a speedy trial and the public's interest in having the case proceed efficiently each time a continuance has been granted.

## ANALYSIS

### I. Speedy Trial Act

The Speedy Trial Act provides,

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Furthermore, the Speedy Trial Act permits periods of delay from being excluded from the computation of speedy trial time. *See* 18 U.S.C. § 3161(h). Specifically:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record

---

[1] On March 16, 2020, Chief Judge Ronald A. White entered General Order 20-6 continuing all jury trials scheduled to commence March 16, 2020 through April 17, 2020 due to the COVID-19 pandemic. GO 20-6. The Chief Judge entered additional General Orders continuing jury trials due to COVID-19 on April 6, 2020 [GO 20-9], April 30, 2020 [GO 20-11], June 24, 2020 [GO 20-14], August 3, 2020 [GO 20-18], August 21, 2020 [GO 20-21], December 3, 2020 [GO 20-30], January 11, 2021 [GO 21-1] and February 9, 2021 [GO 21-4]. Each General Order explicitly stated "the time period of any continuance entered . . ., as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking such action outweigh the interests of the parties and the public in a speedy trial." The most recent General Order continuing all jury trials expired April 6, 2021. *See* GO 21-4.

of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This case has also been declared complex which further permits the Court to exclude time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

Every time the Court has continued this case, the Court articulated the reasons for its finding that the ends of justice were served by granting the requested continuance:

> Dkt. No. 125: The Indictment in this case charges twelve individuals with drug conspiracy. It includes twenty-one counts, including substantive counts of drug distribution, firearms offenses, a conspiracy to commit money laundering, and substantive counts of money laundering instruments. It also includes forfeiture allegations. Defense counsel informs the court that the discovery is voluminous and wide-ranging. Most of the defendants are in custody or are awaiting a detention hearing. Two have been released on conditions. Given the nature of the charges, the number of defendants, the nature and volume of the anticipated discovery, the custodial status of most of the defendants, and the obligations that all defense counsel have in relation to other matters . . . .

> Dkt. No. 176: Defendants requested additional time to file motions and prepare their defense.

> Dkt. No. 218: Extensive discovery materials needed to be reviewed; difficulties preparing for trial given the number of defendants, jail procedures during the COVID-19 pandemic and the logistical challenges of defendants and counsel being located in different places; and defense counsel's case load.

> Dkt. No. 304: Due to COVID-19 and the number of defendants in the case, proper social distancing could not be maintained during the jury trial in this matter.

> Dkt. No. 342: Case is a complex, multi-defendant drug conspiracy and money laundering conspiracy case. Further, Defendant Noel was recently apprehended, located in California and, thus, unavailable. Finally, defense counsel's continued concerns regarding COVID-19.

> Dkt. No. 372: Case is a complex, multi-defendant drug conspiracy and money laundering conspiracy case. Further, Defendant Noel was still located in California and unavailable. Finally, defense counsel had numerous scheduling conflicts.

> Dkt. No. 420: Case is a complex, multi-defendant drug conspiracy and money laundering conspiracy case. Further, Defendant Noel was recently extradited to the Eastern District of Oklahoma and appointed counsel. Defendant Noel's counsel

needed additional time to review the discovery and investigate the case. Further, Keith does not maintain that the Speedy Trial Act has been violated or that the ends of justice were not served by granting the continuances. Instead, Keith requests the Court to reconsider its position that the repeated continuances outweigh the best interests of the public and Keith to a speedy trial. Dkt. No. 410 at 6.

The Court declines Keith's invitation. The Court stands by its orders. The ends of justice served outweighed the best interests of the public and the defendants in light of the circumstances present at the time of each granted continuance. Therefore, Keith's request to dismiss the Indictment due to violations of the Speedy Trial Act is denied.

## II. Sixth Amendment Right

To determine whether Keith's right to a speedy trial under the Sixth Amendment has been violated, the Court must balance four factors: (1) length of delay; (2) reason for delay; (3) the accused's assertion of his right to a speedy trial; and (4) prejudice to the accused. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*

### A. Length of Delay

The first factor looks to the length of the delay in pursuing the case against the defendant. "This is a double inquiry." *United States v. Seltzer*, 595 F.3d 1170, 1176 (10th Cir. 2010). "First, '[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" *Id.*, quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). "Delays approaching one year generally satisfy the requirement of presumptive prejudice." *United States v. Batie*, 433

F.3d 1287, 1290 (10th Cir. 2006). "Second, '[i]f the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Seltzer,* 595 F.3d at 1176 (quoting *Doggett* at 652).

Keith's delay is presumptively prejudicial because it has been more than a year since the Indictment charging him was unsealed and he was arraigned. *See* Dkt. Nos. 34, 76. The Government admits Keith satisfies these two requirements. Dkt. No. 418 at 5. It has been over sixteen (16) months from the time the case was unsealed and Keith was arraigned. Dkt. Nos. 34 and 76.

Next, the Court must decide how much weight to assign the delay, considering the length of time and the complexity of the case in order to determine if the delay exceeds the bare minimum for judicial examination of the claim. *See United States v. Nixon*, 919 F.3d 1265, 1270 (10th Cir. 2019). In doing this analysis, the Court must gauge the delay based on the simplicity or complexity of the federal charge. *See id.*

The bare minimum for judicial examination consists of a period of roughly twelve months. *Id.* Therefore, Keith has experienced approximately six months of delay.[2] As outlined above, this case was declared complex on January 30, 2020. Dkt. No. 125. Furthermore, the case involves twelve defendants and a twenty-one count Indictment. Dkt. No. 2. Count One, Drug Conspiracy, alleges fifty-three over acts over a period of nearly three years. *Id.* Count Twenty-Five, Money Laundering Conspiracy, alleges twenty-two overt acts of money laundering. *Id.* There are over 4,000 documents of discovery. Dkt. No. 255. Keith has acknowledged this is a complex case. Dkt. No. 124. Further, Keith faces four separate charges: drug conspiracy, possession with intent

---

[2] It is approximately eighteen months from January 23, 2020 to August 3, 2021.

to distribute methamphetamine, possession of a firearm in furtherance of drug trafficking crime and felon in possession of firearm and ammunition. Dkt. No. 2. Finally, as the Court has already concluded in this case, a severance would be an inefficient use of prosecutorial and judicial resources. *See* Dkt. No. 420 at 3.

Here, the additional delay can be tolerated. *See Barker,* 407 U.S. at 531 ("the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). Given the complicated nature of the charge, the Court finds that this factor supports the Government. *C.f. United States v. Batie,* 433 F.3d 1287, 1290-91 (10th Cir. 2006) (a seventeen-and-a-half-month delay supported the defendant based on the simplicity of the federal charge).

### B. Reason for the Delay

Next, the Court must factor in the reasons offered by the Government for not bringing a timely suit. *Seltzer,* 595 F.3d at 1177. The burden belongs to the Government to provide an acceptable rational for the delay. *Id.* "[D]ifferent weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id.*

The Government argues the reasons for the delay are: (1) the ongoing COVID-19 pandemic; and (2) the numerous motions to continue filed by Keith's co-defendants. Dkt. No. 418 at 7. The Government contends neither of these reasons are attributable to the Government.

As noted above, the Chief Judge of the Eastern District of Oklahoma entered General

Orders continuing jury trials beginning March 16, 2020 through April 6, 2021. *See* GO 20-6 and GO 21-4. Keith's co-defendants have expressed significant concern regarding proceeding with in-person settings during the COVID-19 pandemic. *See e.g.,* Dkt. Nos. 332, 334, 336 and 339. Courts nationwide have acknowledged the necessity to continue jury trials in light of the unprecedented COVID-19 pandemic. *See United States v. Harris*, 460 F. Supp. 3d 973, 976 (E.D. Cal. 2020) ("Almost every court faced with the question of whether general COVID-19 considerations justify an ends-of-justice continuance and exclusion of time has arrived at the same answer: yes."); *see also United States v. Woolard*, No. CR18-217RSM, 2020 WL 6528865, at *2 (W.D. Wash. Nov. 5, 2020) ("In any event, the arrival of the COVID-19 pandemic would have made any jury trial impossible from March to the present day, for the reasons stated above and in the Court's General Orders on the subject"); *United States v. Tapp*, No. CR 19-35, 2020 WL 6483141, at *2 (E.D. La. Nov. 4, 2020) ("[T]he safety of witnesses, court personnel, jurors and the parties in the midst of a global pandemic justified the continuance of jury trials.").

This Court acknowledged the same when it continued the jury trial set for March 2, 2021. *See* Dkt. No. 304. The Court concludes that the delay caused by the COVID-19 pandemic cannot be weighed against the Government. *See United States v. Arthur*, No. 17-CR-253-PWG-4, 2020 WL 3073322, at *7 (D. Md. June 10, 2020) ("[t]he delay caused by exigent circumstances created by the COVID-19 pandemic cannot be weighed against the Government . . . .").

Next, the delay in this case was caused by the motions to continue filed by Keith's co-defendants and scheduling conflicts of various defense counsel. In 2021 alone, Noel filed one motion to continue [Dkt. No. 406], Early Woodmore filed two (2) motions to continue [Dkt. Nos. 319 and 339], Calvin Woodmore filed two (2) motions to continue [Dkt. Nos. 293 and 332] and Keith's counsel filed a motion to continue due to scheduling conflicts [Dkt. No. 367]. The

Government has not once asked for the jury trial in this matter to be continued. The continuances sought by Keith's co-defendants do not weigh against the Government. *United States v. Tranakos*, 911 F.2d 1422, 1428 (10th Cir. 1990). Ultimately, the reasons for the delay do not weigh in Keith's favor. The Government has satisfied its burden to provide an acceptable rational for the delay.

### C. Defendant Keith's Assertion of his Right to a Speedy Trial

Next, the Court must consider whether Keith invoked his right to a speedy trial. *Barker*, 407 U.S. at 531-32. If he did, the Court must consider how long he waited. *Nixon*, 939 F.3d at 1272. Generally, "the sooner a criminal defendant raises the speedy trial issue, the more weight this factor lends to his claim." *Id.* (quoting *Jackson v. Ray*, 390 F.3d 1254, 1263 (10th Cir. 2004)).

As outlined above, the Court has granted seven continuances. *See* Dkt. Nos. 125, 176, 218, 304, 342, 372 and 420. Keith filed a speedy trial waiver on September 9, 2020. Dkt. No. 204. Keith did not object to the first five requested continuances. In fact, the first three motions to continue were made on Keith's behalf. *See* Dkt. Nos. 124, 170 and 195. Keith did not object to the fourth requested continuance. *See* Dkt. Nos. 293, 303 and 304. Keith did not object to the fifth requested continuance. *See* Dkt. Nos. 332, 339 and 342. It was not until April 1, 2021, over a year and two months after Keith was arraigned, that Keith objected to the sixth continuance. *See* Dkt. No 367 at ¶ 11. Most recently, on May 24, 2021, Keith objected to the seventh requested continuance, moved to withdraw his speedy trial waiver and filed the instant motion – over a year and four months from his arraignment. *See* Dkt. Nos. 409, 410 and 411.

Here, Keith did not early, frequently and forcefully assert his right to a speedy trial. *See United States v. Black*, 830 F.3d 1099, 1120 (10th Cir. 2016). Keith did not affirmatively assert his right to a speedy trial until over sixteen months from his arraignment and six of the seven continuances had been granted. This factor weighs against Keith. *See United States v. Toombs*,

574 F.3d 1262, 1274 (10th Cir. 2009) (third factor weighed against defendant who asserted his Sixth Amendment right after eight of the nine continuances had already been granted and approximately seventeen months had passed since his first court appearance.).

### D. Prejudice

Finally, the Court must consider any prejudice to Keith. *See Seltzer,* 595 F.3d at 1179. A defendant must make a particularized showing of prejudice. *Toombs,* 574 F.3d at 1275. In determining whether a defendant has made a particularized showing of prejudice, there are three main interests to be considered: (1) the prevention of oppressive pretrial incarceration; (2) the minimization of anxiety and concern of the accused; and (3) minimization of the possibility that the defense will be impaired. *Id.* The most important interest is the impairment or hindrance of the defense. *Id.* In cases of extreme delay, a defendant need not show evidence of prejudice. *Seltzer,* 595 F.3d at n 3. However, the Tenth Circuit generally requires a delay of six years before allowing the delay itself to constitute prejudice. *Id.* Since this case has not been pending for six years, Keith has the burden of showing prejudice. *See Toombs*, 574 F.3d at 1275.

Keith contends the delay has hindered his ability to defend himself, he has been forced to suffer the anxiety regarding the outcome of the trial and been prejudiced by being forced to remain in federal custody while he awaits trial. Dkt. No. 410 at 11-13. Even assuming the first two interests weigh in Keith's favor, the third and most important interest, does not. Keith has not made any particularized showing that his ability to defend himself has been hindered. *See id.* at 11-12. Keith summarily states "[t]he delay between the indictment and trial has hindered the Defendants' ability to defend himself." *Id.* at 11. Keith then cites *Doggett* for the proposition that "dimming memories and loss of exculpatory evidence . . . can result in an inability of a defendant to adequately prepare his case." *See id.* at 11-12. However, Keith does not assert his memory has

11

dimmed or he has lost any exculpatory evidence because of the delay in this case. The Court concludes Keith has failed to carry his burden of making a particularized showing of prejudice. Therefore, the fourth factor does not weigh in Keith's favor.

Although the delay here was presumptively prejudicial, the second, third and fourth factors do not weigh in Keith's favor. In balancing the factors, it is clear that the delay was reasonable in light of the COVID-19 pandemic and Keith's co-defendants' numerous requests for continuances. These reasons cannot be attributed to the Government. Further, Keith was delinquent in asserting his right to a speedy trial. Finally, Keith has not made the requisite showing that he has been prejudiced by the delay. Keith's Sixth Amendment right to a speedy trial has not been violated and dismissal on this basis is not appropriate.

## CONCLUSION

For these reasons, Defendant Keith's Motion to Dismiss Based Upon Violation of Speedy Trial Rights [Dkt. No. 410] is **DENIED.**

DATED this 3rd day of June, 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE